IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00133-CR

 

Kesha Latrice Jenkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-01970-CRF-361

 



CONCURRENCE AND DISSENT TO ORDER










 

            Kesha Latrice Jenkins was convicted of
robbery and theft in June of 2005.  The Court of Criminal Appeals granted
Jenkins an out-of-time appeal pursuant to her application for writ of habeas
corpus.  Appointed counsel for Jenkins then timely filed a notice of appeal on May 23, 2006 for Jenkins.

            Everything since then has been
unnecessarily delayed.  It took one year and two months for the reporter
to file the record.  During that time, letters were sent both to the reporter
and to the trial court regarding this Court’s unsuccessful efforts to obtain
the reporter’s record.  Further, during this 14 month period, the appeal had to
be abated because Jenkins no longer wanted her court-appointed counsel to
represent her, and counsel filed a motion to withdraw.  By the time the trial
court held the required hearing, Jenkins approved of her attorney again.  

            After requesting and receiving an
extension of time to file her brief, Jenkins’ counsel again moved to withdraw
as her court appointed attorney in October of 2007 because Jenkins filed a
grievance against him.   The appeal was again abated to address the motion to
withdraw.  The trial court issued an order in November of 2007 appointing an
additional attorney to represent Jenkins.  Although the trial court may have
intended to grant counsel’s motion to withdraw, the written order did not order
that the original appointed counsel no longer had any duties in the case.  We
did not receive a supplemental reporter’s record from this hearing to know what
oral orders were made.  Nevertheless, no brief was ever filed by either of
these attorneys; and, in January of 2008, the appeal again had to be abated. 
At the hearing, the trial court officially allowed the original appointed
counsel to withdraw.[1] 
During that hearing, on the record, the counsel appointed in November of 2007
“guaranteed” that he would have a brief filed within 30 days.  

            Counsel nevertheless requested and
received an extension of time to file his brief.  But no brief was filed by the
extended deadline.  Again, in April of 2008, the appeal was abated.  

            Since the time the appeal was abated,
we received a “Motion to Extend Time to File Appellant’s Brief” from Mary Jo
Holloway, an attorney different than the second previously appointed attorney. 
In the motion, Holloway stated that she was appointed as the substitute
appellate attorney at the abatement hearing held on April 18, 2008.  The
supplemental clerk’s record of that hearing was filed on May 1, 2008.  I reviewed the supplemental clerk’s record and agree that Holloway was appointed by the
trial court to represent Jenkins.  However, also according to the supplemental
clerk’s record, the second previously appointed counsel had not been removed as
counsel representing Jenkins.  The supplemental reporter’s record, consisting
of one page, was filed almost 90 days after the hearing and showed nothing
different from the supplemental clerk’s record:  previous counsel had not been
removed as counsel for Jenkins.  Therefore, Holloway has been appointed only as
additional counsel to represent Jenkins, not as substitute counsel.  See
Tex. Code Crim. Proc. Ann. art
26.04(j)(2) (Vernon Supp. 2007).

            With this observation, I concur in
reinstating this appeal but I do not join the “recognition” of the majority
that a “substitution” of counsel has been effectively accomplished based on the
record before us.[2]

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Concurrence
and dissent to order delivered and filed July 23, 2008

Do
not publish









[1] We
did not receive the supplemental reporter’s record of this hearing until July
of 2008.  





[2] The
Court is relying on a notation at the bottom of the trial court’s order for its
conclusion that there has been an effective substitution of counsel.  The note
states, “D Barron was previous counsel.”  While I agree that this note,
appearing only at the bottom of the order, may indicate the trial court’s
belief that David Barron is no longer Jenkins’s attorney, it does not in any
way remove counsel or relieve him of his duties.  And I have found no order
that does that in the record on file in this proceeding.